KAY, EXTR., PLAINTIFF-APPELLANT, *v.* KAY ET., DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25888.    Decided July 19, 1962.

*Mr. Richard B. Kay*, for plaintiff-appellant.
*Mr. Lex Kintner*, for defendants-appellees.

(COLLIER and BROWN, JJ., of the Fourth District and DONAHUE, J., of the Seventh district, sitting by designation in the Eighth District.)

Donahue, J. Appeal is taken from the judgment of the Probate Court of Cuyahoga County on questions of law.

One error is assigned, i. e.,

"1. That the judgment rendered by the Probate Court of Cuyahoga County on December 12, 1961, is contrary to law."

Plaintiff appellant filed a declaratory judgment action in the Probate Court for the construction of a will. Being unhappy with the result, he filed an appeal which he claims was "inadvertently" filed to the Common Pleas Court instead of the Court of Appeals. Upon motion, he admitted he was in the wrong court and his appeal was dismissed. He then attempted to get the Probate Court to correct his notice of appeal by substituting the Court of Appeals for Common Pleas Court. He was again made unhappy with that court's ruling and is now in this court.

Appellant states that the question before us is as to how to get the original decision of the Probate Court before us for review. We submit that the real question is as to whether or not any appeal is before us.

Appellant admits freely that he can find no law in point to support his position. He does cite a number of cases where some amendment was allowed to correct some flaw in the notice of appeal.

Here we have what is at best, an "inadvertent" appeal to the wrong court. On the question of inadvertency, it is just as likely that his appeal was made to what he thought at that time was the proper court. We think, however, that this is immaterial. He invoked the jurisdiction of the Court of Common Pleas. That court refused him admittance. Now he is trying to force the Probate Court to see that he gets admitted to the Court of Appeals.

Procedure in appeal to the Court of Appeals is largely statutory. The time of filing appeal and filing a bill of exceptions in a law appeal are strictly statutory. When the time expires, appellant is out. In this case, appellant was not in the Court of Appeals and no court has the power to get him in.

Minor defects in a notice of appeal may be corrected. This is not such a minor defect. This is a defect in the most important part of the notice of appeal, i. e., the naming of the court to which an appeal was made.

Having failed to name the Court of Appeals as the court to which appeal was taken, plaintiff has lost his right to appeal to this court.

Appeal dismissed.

Exceptions. Order see journal.

BROWN, P. J., and COLLIER, J., concur.